17-2440-cr
United States v. Flom

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          17-2440-cr

JONATHAN P. FLOM,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Lawrence D. Gerzog, New York, N.Y.

Appearing for Appellee:      Keith D. Edelman, Assistant United States Attorney (Emily Berger, Moira Kim Penza, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellant Jonathan Flom appeals from the July 31, 2017 judgment of conviction of the United States District Court for the Eastern District of New York (Mauskopf, *J.*), following a jury trial at which Flom was found guilty of money laundering in violation of 18 U.S.C. § 1956(a)(3). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Flom asks us to vacate his conviction principally because: (1) the evidence was legally insufficient; (2) the district court abused its discretion in certain evidentiary rulings; and (3) the district court erred in providing a conscious avoidance instruction to the jury. We reject each of these arguments in turn.

## A. Sufficiency of the Evidence

"A defendant bears a heavy burden in seeking to overturn a conviction on grounds that the evidence was insufficient." *United States v. Cruz*, 363 F.3d 187, 197 (2d Cir. 2004). "The 'relevant question' in this inquiry is 'whether, after viewing the evidence in the light most favorable to the [government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Rodriguez*, 392 F.3d 539, 544 (2d Cir. 2004) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*). Direct evidence is not required; "[i]n fact, the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." *Id.*

In order to prove the instant crime of money laundering, the government was required to establish beyond a reasonable doubt that: (1) Flom conducted an interstate transaction affecting interstate commerce; (2) the transaction involved money represented by a law enforcement officer and believed by Flom to be the proceeds of fraud; and (3) Flom intended to promote the carrying on of fraud. *See* 18 U.S.C. § 1956(a)(3)(A). Flom argues that his conviction must be vacated and a judgment of acquittal entered because the evidence was legally insufficient to establish that the undercover law enforcement officer represented to Flom that the relevant transactions involved the proceeds of securities fraud and that Flom believed this to be so.

"Whether a representation that a client is involved in a specified illegal activity for which he needs money laundered sufficiently conveys that the money is derived from that activity is a fact-specific determination." *United States v. Wydermyer*, 51 F.3d 319, 327-28 (2d Cir. 1995). Here, viewing the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found that the undercover agent "represented" to Flom that the proceeds were fraudulently obtained where the agent expressed concerns to Flom about raising "red flags" with banks (Gov't App'x at 961, 965), described the "securities" at issue as "a lot less real" than other securities (*id.* at 1009), and told Flom that he was being paid 5% of the proceeds—as opposed to 2-3%—because Flom was "taking a risk" (*id.* at 1006). Likewise, the evidence was sufficient with respect to Flom's "belief," where Flom had previously been put on notice by a bank that the pattern of money moving through his account in prior, similar

2

transactions appeared consistent with the illegal sale of fraudulent securities, Flom told the undercover agent that in the event of an "issue" they would need to "circle the wagons" (*id.* at 978) and that they were in a "protected triangle" with the undercover agent's informant (*id.* at 976), and Flom admitted to the FBI that he "winced" when the undercover agent mentioned fraudulent securities to him and that he knew the undercover agent and informant were selling fraudulent securities (*id.* at 537-38). Flom's challenge to the sufficiency of the evidence fails.

## B. Evidentiary and Discovery Rulings

We review the evidentiary rulings of a district court for abuse of discretion and reverse only in cases involving "manifest error." *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010). "We review a district court's ruling on a motion to compel discovery under an abuse-of-discretion standard." *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009) (internal quotation marks omitted).

Flom first argues that his conviction must be vacated because the district court erred in permitting under Federal Rule of Evidence 404(b) evidence of an earlier uncharged money-laundering scheme in which he was allegedly involved. This Court "follows the 'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (citation omitted) (internal quotation marks omitted). The district court did not err in admitting the evidence as relevant to Flom's knowledge of the fraudulent nature of the undercover scheme. Additionally, the district court did not abuse its discretion in finding that the evidence of the prior scheme was more probative than prejudicial. Furthermore, any arguable error was mitigated by the district court's limiting instruction to the jury that the prior scheme was not to be considered as proof that Flom committed the charged crime.

Second, Flom argues that the district court abused its discretion in not ordering disclosure of FBI reports of interviews with a member of the earlier scheme who served as an informant with respect to the charged scheme. Flom sought to introduce evidence that the informant never told the FBI that he, the informant, had told Flom outright that he was committing fraud in the earlier scheme. The district court did not order disclosure of the reports because it reasoned that the absence of knowing proof of fraud did not exculpate Flom and, in any event, the informant's statements that were being admitted were not being offered for their truth. The district court did not abuse its discretion in not ordering such disclosure.

Finally, Flom argues that the district court abused its discretion in precluding him from offering a purportedly exculpatory statement he made during an FBI interview. During trial, the district court sustained the government's objection to defense counsel's question to an FBI agent regarding the statement Flom had made, which was noted in the FBI's interview report. The interview report was not in evidence, and the district court properly sustained the objection because the statement was hearsay as to Flom and was not necessary to explain or put into context the FBI agent's testimony. *See United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007); Fed. R. Evid. 102. Flom's evidentiary challenges fail.

3

### C. Conscious Avoidance Jury Instruction

Flom argues that the district court erred by charging the jury on conscious avoidance. This Court reviews a district court's decision to instruct the jury on conscious avoidance "*de novo*, reversing only where, viewing the charge as a whole, there was a prejudicial error." *United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003).

"A conscious avoidance instruction permits a jury to find that a defendant had culpable knowledge of a fact when the evidence shows that the defendant intentionally avoided confirming the fact." *United States v. Quinones*, 635 F.3d 590, 594 (2d Cir. 2011) (internal quotation marks omitted). A conscious avoidance instruction is appropriate only when (1) "a defendant asserts the lack of some specific aspect of knowledge required for conviction," and (2) "the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Ferguson*, 676 F.3d 260, 277-78 (2d Cir. 2011) (internal quotation marks omitted).

Flom does not claim that the content of the conscious avoidance instruction was error. Rather, he argues that the conscious avoidance instruction should not have been given because there was no evidence in support of the conclusion that he consciously avoided learning of the fraudulent nature of the undercover scheme. Nevertheless, there was an appropriate factual predicate for the charge. *See, e.g.*, Gov't App'x at 986-87 (conversation in which undercover agent tells Flom in part that he wants to give him "a window into what I'm doing and . . . full disclosure," and Flom responds in part "I don't have to know everything"); *id.* at 976 (Flom tells undercover agent "I DO NOT capital letters DO NOT have to know . . . everything that you do").

We have considered the remainder of Flom's arguments and find them to be without merit. Accordingly, we hereby AFFIRM the district court's judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4